UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD S. ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 20-11452-LTS |
| TAKEDA PHARMACEUTICAL U.S.A., INC. et al., | ) |
| Defendants. | ) |

ORDER ON EX PARTE MOTION FOR IMMEDIATE
RELIEF AND SANCTIONS (DOC. NO. 6)

August 4, 2020

SOROKIN, J.

On July 31, 2020, Ronald S. Allen, a lawyer and member of the Massachusetts Bar since 2005, filed a pro se complaint against his former employer, Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") and two of its employees, alleging violations of the Massachusetts Wage Act ("the Wage Act"), unjust enrichment, breach of contract, breach of the covenant of good faith and fair dealing, disability discrimination in violation of Massachusetts law, and tortious interference with business relations. Doc. No. 1. Summons were issued yesterday, Doc. No. 3, and the docket does not reflect that Allen has served the original complaint.

Today, Allen filed an Amended Complaint naming the same defendants, but revising the claims to include only the following three counts: 1) violations of the Wage Act; 2) violations of the Fair Labor Standards Act ("the FLSA"); and 3) unjust enrichment. Doc. No. 5. With the Amended Complaint, Allen filed a document entitled "Ex Parte Motion for Immediate Relief and

Sanctions" in which he asks the Court to sanction the defendants and to award him now the monetary damages he seeks under the Wage Act and the FLSA.  Doc. No. 6.

Insofar as Allen requests that the Court proceed ex parte—that is, without notifying the defendants or hearing from them in response to his pending claims—that request is DENIED.  Our system of justice is an adversarial one in which courts are permitted to proceed ex parte only under emergency or other similar circumstances.  E.g., Fed. R. Civ. P. 65(b) (authorizing temporary restraining orders); see United States v. Innamorati, 996 F.2d 456, 487 (1st Cir. 1993) ("Outside of emergencies, the ex parte submission of information from a party to the court and the court's ruling on that information without notice to or participation of the opposing party is fundamentally at odds with our traditions of jurisprudence, and can be justified only in the most extraordinary circumstances." (citations omitted)).  Allen's submission here fails to establish a basis to proceed ex parte.

Insofar as Allen requests preliminary injunctive relief, that request remains under advisement.  The Clerk shall UNSEAL Allen's motion (Doc. No. 6) and remove the "ex parte" docketing restriction.

Allen shall serve copies of the summons (Doc. No. 3), the Amended Complaint (Doc. No. 5), and the pending motion (Doc. No. 6) on the defendants pursuant to Fed. R. Civ. P. 4, and the defendants shall respond to the pending motion insofar as it requests preliminary injunctive relief within fourteen days of service.

SO ORDERED.

/s/ Leo T. Sorokin  
Leo T. Sorokin  
United States District Judge