Ronald S. Allen
The Allen Law Firm
1 Donnelly Drive
Medfield, MA 02052
Tel: 508-314-3600
ronald.allen@aftbio.com

UNITED STATES DISTRICT COURT

DISTRICT OF MASS

EASTERN DIVISION

| | |
|---|---|
| RONALD S. ALLEN<br><br>Plaintiff,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS, U.S.A., Inc., LARRY BORSKA, and JASON BARANSKI<br><br>Defendants. | Civil Action No.: 1:20 CV 11452 |

`

## PLAINTIFFS OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE ORDER

Plaintiff Ronald S. Allen, Esq. ("Plaintiff"), submits this Opposition to Emergency

Motion for Protective Order.  Plaintiff asserts that Defendants' Motion and the Court's order is

premature as it is unrelated to the causes of action asserted by Plaintiff.

1

As an initial matter, Plaintiff has filed a number of actions related to his termination of employment. The conduct that Defendant looks to quash is unrelated to any of those claims and does not arise out of the same operative facts. In fact, it deals with conduct that occurred four (4) months after Plaintiff's termination of employment. Defendants have not filed an answer and/or any counterclaim in this matter. Whereas the court denied Plaintiff's motion to compel his personnel file and the documents attendant to same because that could be addressed by another governmental agency or later in discovery, Defendants should be held to the same standard and not granted special privileges simply because they are a sixty billion dollar corporation.

As to the merits of Defendants' allegations. Plaintiff has not breached any legal ethics rules and gone to great lengths to ensure that he does not. See e.g. Plaintiff's email to Ben Flam and Jim Kawahito attached hereto as "Exhibit A"; see also Plaintiff's email to Steve Rockafellow. None of the documents provided to the IBEW or other parties contains any legal advice or counsel sought.

Plaintiff admits that he has given employee lists to the IBEW. However, as described above, those actions should be addressed in subsequent proceedings filed by Defendants. This is not the proper time and/or venue for Defendants' motion to be addressed. Further, any conversations had with the IBEW were simply factual, addressing questions regarding the location of Defendants' manufacturing facilities and what type of work is done by the employees working in these locations. That hardly amounts to legal advice provided and/or cognizable confidential and proprietary information.

As to Defendant's allegations of harassment, Plaintiff has a constitutional right to free speech and to express his desire for retribution to the parties that wrong him. And while

Defendants' paint this picture of Plaintiff as this horrible harasser, their hands are not clean; in fact, they are filthy. Defendants actions have led to Plaintiff's separation from his wife and the Complaint should contain a loss of consortium claim but Plaintiff wants to keep his privacy. Speaking of privacy, Defendants had Plaintiff under physical surveillance. And, again, that surveillance caused emotion damage to Plaintiff's wife, almost to a point of a breakdown. So while Defendants may be a "respected" corporation, their conduct has been anything but that.

Plaintiff has engaged in these activities because Defendants have refused to engage in any settlement negotiation. Counsel for Defendants will not even respond to Defendant requests to get on the phone and discuss settlement. So what do you do when Defendants will not act in good faith and even respond to your reasonable settlement demands, you assert leverage with the knowledge and tactics you have at your disposal. Plaintiff simply is not going to be ignored or bullied this corporation and/or any other entity. Plaintiff has worked extremely hard to get where he is: he has gone to the right schools, he taken the right jobs and until his termination of employment was a respected black labor and employment attorney. As his Headmaster at Roxbury Latin used to say each year before exams to ensure that boys did not cheat, "nothing is worth your reputation." Indeed, Robert Joy of Morgan, Brown and Joy said the same thing to Plaintiff when he passed the bar. Plaintiff has lived by this motto ever since and he intends to protect that reputation at any cost.

Finally, Plaintiff notes that the Court granted Defendants fourteen (14) days to respond to Plaintiff's Emergency Motion. However, the Court granted Plaintiff essentially two (2) days to respond in kind. Again, it seems as if Plaintiff is being held to a different standard and Plaintiff would ask the Court for fairness and equitable treatment in these proceedings.

Based on the foregoing, Plaintiff respectfully requests that the Court reconsider its order and deny Defendants' Emergency Motion for Protective Order.

By the attorneys for the PLAINTIFF,

/s Ronald S. Allen

Ronald S. Allen
BBO No:  664725
The Allen Law Firm
1 Donnelly Drive
Medfield, MA 02052
Tel: 508-314-3600
ronald.allen@aftbio.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August 2020, a copy of the foregoing document was served on the following by the following means:

| | |
|---|---|
| x | CM/ECF |
| | Hand Delivery |
| | Mail |
| | Overnight Delivery Service |
| | Fax |
| x | Email |

1. Chris Allen
   Head of Litigation and Investigations
   Takeda Pharmaceuticals, U.S.A., Inc.
   95 Hayden Avenue
   Lexington, MA 02421

and

2. Paul Popeo
   Choate
   2 International Place
   Boston, MA 02110

**By: s/Ronald S. Allen**

**The Allen Law Firm**
**1 Donnelly Drive**
**Medfield, MA 02052**
**Tel:  508-314-3600**
ronald.allen@aftbio.com

*Attorneys for Plaintiff Ronald S. Allen*